UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ARSENEAU,<br><br>           Petitioner,<br><br>   v.<br><br>MARGARET GILBERT,<br><br>           Respondent. | CASE NO. 3:15-CV-05660-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: FEBRUARY 19, 2016 |

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction, thus, the petition is filed pursuant to 28 U.S.C. § 2254.

Petitioner Robert Arseneau seeks § 2254 habeas relief from his 2015 conviction of failure to register as a sex offender. Dkt. 12. Petitioner raises one ground for relief: whether his conviction for failure to register as a sex offender violates the double jeopardy clause. *Id.* Respondent argues that petitioner failed to properly exhaust this ground for relief. Dkt. 18. This Court agrees.

REPORT AND RECOMMENDATION - 1

Because petitioner failed to file a direct appeal or collateral attack on his 2015 conviction, his habeas claim is not cognizable in federal court. The undersigned recommends dismissing the petition without prejudice as unexhausted. Petitioner may re-file a petition for federal habeas corpus after he has exhausted his state court judicial remedies.

## BASIS FOR CUSTODY AND FACTS

Petitioner was convicted by guilty plea in March 2015 for failure to register as a sex offender (two or more priors). Dkt. 18, Exhibit 1. The state court imposed 22 months of confinement and 36 months of community custody. Dkt. 18, Exhibit 1 at 5-6. Petitioner's early release date is May 28, 2016. Dkt. 18, Exhibit 2 at 1.

Petitioner did not appeal his conviction or file a collateral attack. Thus, the Court does not have access to documents summarizing the facts of petitioner's case on appeal. However, based on petitioner's judgment and sentence, OMNI legal face sheet, and OMNI judgment and sentence sheet, it appears that petitioner was convicted of four counts of incest in the first degree in 1992. Dkt. 18, Exhibit 1 at 2. In 2004 and 2007, petitioner was convicted of failure to register as a sex offender in Kitsap County, Washington. *Id.* at 2 ("FTRASO [Failure to Register as a Sex Offender]" on September 8, 2004 and October 26, 2007); *see also* Dkt. 18, Exhibit 2. Then, on March 17, 2015, petitioner was convicted again of failure to register as a sex offender in Pierce County, Washington. Dkt. 18, Exhibit 1 at 1.

## EVIDENTIARY HEARING

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 550 U.S. at 474. In determining whether

relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle petitioner to relief under 28 U.S.C. § 2254(d). *Landrigan,* 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see also Cullen,* 131 S. Ct. 1388 (2011). "[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).

Petitioner's habeas claim raises only questions of law and may be resolved by a review of the existing state court record. Therefore, the Court finds it unnecessary to hold an evidentiary hearing.

## DISCUSSION

Respondent argues that petitioner failed to properly exhaust his habeas claim because he failed to properly raise the claim at every level of the state court's review. Dkt. 18 at 2. Petitioner concedes that he failed to exhaust his state court remedies but states that "by pleading guilty waives my right to appeal, and I am under Washington State County Court was time-barred." Dkt. 12 at 5.

Petitioner may pursue federal habeas relief only after he has exhausted his state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086

(9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Petitioner did not file a direct appeal or file a collateral attack on his 2015 conviction. Petitioner has not shown that his conviction has been considered at every level of the state court. Therefore, petitioner has not fully exhausted his claims in the state appellate courts and the Court recommends this petition be denied without prejudice.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition

## CONCLUSION

The undersigned recommends that the petition (Dkt. 12) be dismissed without prejudice to the filing of a federal habeas petition after petitioner has exhausted his state judicial remedies. An evidentiary hearing is unnecessary. The Court also recommends denying issuance of a certificate of appealability.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

6 **February 19, 2016**, as noted in the caption.

7    Dated this 25th day of January, 2016.

J. Richard Creatura
United States Magistrate Judge